Court of Chancery—Smith v. Central Lumber Co.

HERBERT H. SMITH, complainant,

*v.*

CENTRAL LUMBER COMPANY, a corporation, defendant.

[Decided July 1st, 1924.]

**Sale of Goods—Credit on Certain Conditions—Allegation of Violation—Arrest—Facts Disputed—Equitable Interference Not Justified.**

On motion to strike bill.

*Messrs. Stamler, Stamler & Koestler,* for the motion.

*Mr. James T. Mylod,* for the complainant.

BACKES, V. C.

This is a motion to strike the bill. The case made by the bill is: That prior to October 22d, 1923, the H. H. Smith Building Corporation, of which the complainant was president, purchased lumber from the defendant on credit, for which indebtedness the company and the complainant, respectively, had given promissory notes payable in New York; on the date mentioned a note of $400 made by the complainant, and five notes aggregating $4,062.11 made by the company, fell due and were not paid; on the due day the complainant was lured into New Jersey and arrested on a *capias* in an action brought in the Union county circuit court by the defendant against him to recover $10,187 upon a complaint which charges that the complainant gave the defendant notes as evidence of the debt; that he had renewed the notes on the promise "that he would continue in business and pay the same from time to time;" that there was due on overdue notes $4,300, and that the remaining notes, which had not matured, were also due, "for the reason that the extension of time for payment as evidenced by said notes

were obtained by the fraudulent representation of the defendant that he would continue in business in the regular way," and that complainant had, with intent to defraud his creditors, disposed of his assets and business in bulk without giving notice to the creditors of the sale as required by statute. The complainant filed an answer denying that there was any money due, to which the defendant filed a reply, reiterating the allegations of his complaint. The bill then alleges that the allegations of the complaint at law are not true; "that the complainant did not individually purchase any lumber from the said defendant, and did not give any promissory notes merely as evidence of any such indebtedness [but in payment of any indebtedness of H. H. Smith Building Company], and did not promise to continue in business, and did not represent to the defendant that he would continue in business, and has not disposed of his business and assets with intent to defraud his creditors;" that the defendant did not offer to surrender the promissory notes, "and have not offered, or attempted to rescind, the contract arising out of the making and delivery of said notes to the defendant corporation;" that Herman Jacobsen, the president of the defendant company, in conspiracy with others, lured the complainant into the state, and "that the defendant ought to be enjoined from pleading at law that there was any promise or representation made by him before said promissory notes were given that he would continue in business, for the reason that the defendant has not rescinded, or offered to rescind, the contract made by the delivery of the said notes, and has not surrendered the said notes to the complainant." The prayer of the bill is that the defendants be perpetually enjoined from prosecuting his action at law.

The bill presents no ground for equitable interference. If the complainant does not owe the debt, or if he is indebted, and some of the debt was not due at the time the suit was brought, because he did not make the alleged promise to continue in business, or if he at one time was indebted, and the defendant took the corporation notes in satisfaction—not as evidence—(a novation), or if the defendant is barred from

suing at law until it rescinds the substituted contract represented by the notes, and returns the notes, are all matters triable in law, not in equity.

The bill will be dismissed.